## The People on the relation of Moses W. Field v. The Judge of the Superior Court of Detroit.

*Superior court act: Transfer of causes: Residence: Jurisdiction of persons: Waiver. Mandamus* to require the dismissal, for want of jurisdiction of the person of the defendant, of a cause which has been removed from the Wayne circuit to the superior court, upon the objection that the cause was not within the statute authorizing such removal because the defendant was not a resident of the city of Detroit, is denied, on a showing that defendant has appeared in the cause in the latter court by his attorneys and moved for a continuance, and afterwards changed it to a motion to strike from the docket, which latter motion was granted on the ground that the transcript of the record was not on file when the case was noticed for trial; and that at a subsequent term, after moving for a dismissal, which was denied, the cause was continued on his motion. The defendant is held precluded by such a course of action from raising the question of jurisdiction of his person.

*Heard and decided July 14.*

Application for *mandamus.*

The purpose of this application is to compel the dismissal of the case of *Peter Roberts v. Moses W. Field,* from the superior court of Detroit, whither it had been transferred from the Wayne circuit according to the terms of

FIELD *v.* JUDGE OF SUPERIOR COURT OF DETROIT.

the statute. At the time the superior court act was passed, and when it took effect, the case was in the supreme court on writ of error, but it was afterwards sent back to the circuit for a new trial, whereupon, on motion of the plaintiff, it was transferred to the superior court. The ground on which its dismissal is sought is that the case is not within the statute, and that it is not one over which the superior court has jurisdiction, because the defendant was not, when the suit was commenced, and has not since been, a resident of the city of Detroit. The answer, however, sets up that the case was on the docket of the superior court for the January term of 1874 for trial, and that defendant's attorneys moved therein for a continuance of the cause on account of the absence of the defendant at Washington on public business; that this motion was afterwards changed to a motion to strike the case from the docket, which was granted, on the ground that the transcript of the record was not on file when the case was noticed for trial; that the case was again on the docket at the March term, and at the May term; that on May 23d defendant's attorneys filed an affidavit of the residence of defendant in the township of Hamtramck, and moved for a dismissal of the suit, on which motion it was conceded that defendant resided in Hamtramck when the suit was commenced, and had ever since; but it was shown by affidavit of the deputy sheriff who made the service that the declaration by which the cause was commenced was served on defendant in the city of Detroit; and that afterwards, on July 6, 1874, the cause was continued on motion of defendant's attorneys.

*Ward & Palmer* and *F. A. Baker,* for relator.

*L. S. Trowbridge,* for respondent.

THE COURT held that the relator, by his course of action in the superior court after the transfer of the cause there, was precluded from raising the questions sought to be raised in this proceeding.

Writ denied.